IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PENSKE TRUCK LEASING CO. LP, et al.,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 18-9601(JBS-AMD)<br><br>**MEMORANDUM OPINION**<br>**UPON RECONSIDERATION** |

APPEARANCES:

John J. Kane, Esq.
MARTIN, KANE & KUPER, ESQS.
180 Tices Lane, Building B, Suite 200
East Brunswick, NJ 08816
　　Attorney for Plaintiff

Laurence Todd Bennett, Esq.
WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY
1101 North Kings Highway, Suite 405
Cherry Hill, NJ 08034
　　Attorney for Defendants Penske Truck Leasing Co, LP,
　　McCarthy Tire Service Company, Inc., and Kevin T. Hayes,
　　Jr.

Kenneth M. Portner, Esq.
WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY
2000 Market Street, 13th Floor
Philadelphia, PA 19103
　　Attorney for Defendants McCarthy Tire Service Company,
　　Inc., and Kevin T. Hayes, Jr.

Kevin M. McGoldrick, Esq.
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
　　Attorney for Defendant USAA Insurance Company

**SIMANDLE,** District Judge:

This matter comes before the Court by way of motion by Defendants McCarthy Tire Service Company and Kevin T. Hayes (hereinafter, collectively, "Moving Defendants"), seeking reconsideration of the Court's Order of September 12, 2018, remanding this matter to the Superior Court of New Jersey, Middlesex County, Docket No. L-002451-18, for further proceedings. (See Order [Docket Item 21], 3.) The principal issue to be decided is whether the Court's prior decision should be "altered or amended" based on "the availability of new evidence" or "the need to . . . prevent manifest injustice."[1] U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou—Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The so-called "new evidence" is the fact that on September 13, 2018, one day after remand, the non-diverse defendant, which had deprived this Court of diversity jurisdiction, was voluntarily dismissed upon the matter's return to the Superior Court. For the following reasons, the Court will deny Moving Defendants' motion for reconsideration:

---

[1] Moving Defendants' brief does not rely upon any of the other bases for granting reconsideration of the Court's prior Order. (See generally Motion for Reconsideration [Docket Item 23]; Moving Defendants' Brief [Docket Item 23-1].) Therefore, the Court shall only address these bases herein.

2

1. **Factual and Procedural Background.**[2] On September 5, 2018, the Court issued an Order to Show Cause, noting that

> Defendant United Service Automobile Association ("USAA"), improperly pled as "USAA Insurance Company," (see Answer to Plaintiff's Complaint on Behalf of Defendant USAA [Docket Item 4]), is a reciprocal insurance exchange considered to be a citizen of all fifty states, and is therefore considered to be a citizen of New Jersey, see Cady v. American Family Ins. Co., 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) (citing cases from the Second, Fifth and Tenth Circuits and finding that USAA is a reciprocal insurance exchange, which "in its pure form . . . is a web of contractual relationships between subscribers who agree to insure one another, consummated through a common agent with power of attorney," and because USAA is an unincorporated association with members in all fifty states, it is considered a citizen of all fifty states), see also Chubb Custom Ins. Co. v. United Servs. Auto. Ass'n, No. 05-3044, 2005 WL 2475314, at *2-3 (D.N.J. Oct. 5, 2005) (dismissing USAA for lack of subject matter jurisdiction because USAA "is an unincorporated association with members in all 50 states" and the plaintiff "failed to meet its burden of proving [diversity] jurisdiction.")

(Order to Show Cause [Docket Item 18], 1-2.) Moving Defendants' "response to the Court's Order to Show Cause [Docket Item 20], [did] not contest that USAA is considered a citizen of New Jersey." (Order [Docket Item 21], 2.) Therefore, the Court held that this case "should be remanded to the Superior Court of New

---

[2] The factual and procedural background of this case is only presented insofar as it is necessary for the determination of the present motion.

3

Jersey," because "diversity jurisdiction was not present 'at the time the petition for removal was filed.'" (Id. at 3 (quoting Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 559 (D.N.J. 2009)).)

2. **Standard of Review.** Local Civil Rule 7.1 allows a party to seek a motion for reconsideration or re-argument of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." L. Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou—Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The

4

standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. U.S. v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

    3. **Discussion.** Moving Defendants argue that reconsideration is warranted "to prevent manifest injustice and based on the availability of new evidence that was not available when the [C]ourt granted the motion for summary judgment."[3] (Moving Defendants' Brief [Docket Item 23-1], 3.) No other party has submitted a brief in relation to the present motion.

    4. Moving Defendants do not give any reason to support the claim manifest injustice will occur if the Court does not grant the present motion for reconsideration. (See generally

---

[3] The Court notes that its prior Order was not granting a motion for summary judgment, but rather that it was filed in connection with the Court's sua sponte Order to Show Cause [Docket Item 18], pursuant to the Court's ongoing responsibility to ensure that it has subject matter jurisdiction over the matters before it, pursuant to Rule 12(h)(3), Fed. R. Civ. P.

5

id.) Therefore, the Court shall not grant the motion on this basis.

5. Moving Defendants assert that the voluntary dismissal of USAA from this case filed in the Superior Court of New Jersey on September 13, 2018,[4] one day after this Court's order remanding the case to the Superior Court, constitutes "new evidence" that justifies reconsideration. (See Moving Defendants' Brief [Docket Item 23-1], 3.) However, as the Court noted in its prior order, "[r]uling on whether an action should be remanded to the state court from which it was removed, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed." Granovsky, 631 F. Supp. 2d at 559 (citing Group Hospitalization & Med. Servs. v. Merck–Medco Managed Care, LLP, 295 F.Supp.2d 457, 461– 462 (D.N.J. 2003)). Moving Defendants' assertion that USAA has recently been voluntarily dismissed from the action does not alter the Court's understanding of "the plaintiff's complaint at the time the petition for removal was filed." Id. The non-diverse USAA was a party at the time of removal, and this Court thus acquired no diversity jurisdiction upon removal.[5] Therefore,

---

[4] The voluntary stipulation of dismissal of USAA, filed in Superior Court on September 13, 2018, appears in the record of the present motion at [Docket Item 23-2].

[5] Indeed, USAA was still a party as of the entry of the Court's Order for Remand on September 12, 2018, see supra, n.4.

6

such dismissal cannot alter the Court's prior Order, remanding this case to the Superior Court of New Jersey, Middlesex County. (See Order [Docket Item 21], 3.) Accordingly, Moving Defendants' motion for reconsideration is denied.

6. **Conclusion.** For the reasons explained above, Moving Defendants' motion for reconsideration [Docket Item 23] will be denied. An accompanying Order will be entered.

**November 2, 2018**             **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                     U.S. District Judge

---

Furthermore, in the context of a motion for reconsideration, the Court cannot have "overlooked" a matter that had not yet even occurred before the motion was decided.